IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  | CASE NO.   8:09CR44 |
| ) | |
| Plaintiff,   ) | |
| ) | MEMORANDUM |
| vs.   ) | AND ORDER |
| ) | |
| ERINEO NAVARRO GONZALEZ,   ) | |
| ) | |
| Defendant.   ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 34) filed by the Defendant, Erineo Navarro Gonzalez.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires preliminary review of a § 2255 motion, and describes the preliminary review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

On May 4, 2009, the Supreme Court decided *United States v. Flores-Figueroa,* 129 S. Ct. 1886 (2009), concluding that § 1028(A)(a)(1) requires the government to prove the Defendant knew the identification documents in question belonged to another person.

On May 18, 2009, Gonzalez pleaded guilty to Count III of the Indictment charging him with aggravated identity theft in violation of 18 U.S.C. § 1028A.  He waived his right of appeal.  His plea agreement included the following exceptions to his waiver of his right to file a motion under § 2255:

>       (a)     The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.
>
>       (b)     The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(Filing No. 26, ¶ 13(a) & (b).)

Gonzalez was sentenced to 24 months imprisonment with credit for time served from February 17, 2009,[1] and 1 year supervised release. His timely § 2255 motion followed. Gonzalez argues that the factual basis did not state that he knew the documents in question belonged to real persons. In another case that was pending on appeal when *Flores-Figueroa* was decided, the Eighth Circuit determined that the defendant's plea was constitutionally invalid and unintelligent. *United States v. Ochoa-Gonzalez,* 598 F.3d 1033, 1038 (8th Cir. 2010) (reversing the conviction and remanding the case to the Honorable Richard G. Kopf). The government will be required to answer the § 2255 motion, and the Defendant will be given the opportunity to respond.

Because of the nature and complexity of the issues involved, the Court finds that counsel should be appointed to represent the Defendant.

IT IS ORDERED:

1.     The Court has completed the initial review of the Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Filing No. 34);

---

[1] According to the Bureau of Prisons' web site, his release date is November 14, 2010.

2

2. Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

3. Counsel will be appointed for the Defendant in a separate order;

4. On or before August 2, 2010, the United States shall file an Answer to the defendant's § 2255 motion and support its Answer with a brief;

5. On or before September 2, 2010, the Defendant may file a responsive brief through counsel; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 6th day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge