IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR44** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ERINEO NAVARRO GONZALEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Defendant's motion under 28 U.S.C. § 2255 to vacate his conviction (Filing No. 34). On initial review, the Court required the government to answer the single claim raised in the motion.

### FACTUAL BACKGROUND

On May 4, 2009, the Supreme Court decided *United States v. Flores-Figueroa,* 129 S. Ct. 1886 (2009), concluding that § 1028(A)(a)(1) requires the government to prove the Defendant knew the identification documents in question belonged to another person.

On May 18, 2009, the Defendant, Erineo Navarro Gonzalez, pleaded guilty to Count III of the Indictment charging him with aggravated identity theft in violation of 18 U.S.C. § 1028A. Gonzalez waived his right to appeal. His plea agreement included the following exceptions to his waiver of his right to file a motion under § 2255:

    (a)    The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

    (b)    The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(Filing No. 26, ¶ 13(a) & (b).)

Gonzalez was sentenced to 24 months imprisonment with credit for time served from February 17, 2009,[1] and 1 year supervised release.  His timely § 2255 motion followed.  Gonzalez argues that the factual basis did not state that he knew the documents in question belonged to real persons.  This matter is now before the Court on the merits of this claim.  Counsel was appointed for Gonzalez.  The government filed an Answer and a supporting brief (Filing Nos. 38, 39), and the defense filed no response.

## DISCUSSION

A § 2255 motion may be denied without an evidentiary hearing when the record "conclusively" shows that the movant is not entitled to relief.  *Noe v. United States,* 601 F.3d 784, 792 (8th Cir. 2010).  Gonzalez has not shown that his case falls within the exceptions to the waiver in his plea agreement of his right to file a § 2255 motion.  Moreover, with respect to the merits of the claim the government noted Gonzalez's following answer to the question asking what acts he did that caused her to think he was guilty of the charge: "possession of ID's that belonged to real people.  Aggravated ID theft."  (Filing No. 25, ¶ 45.)  Therefore, the record does not support Gonzalez's claim.

## CONCLUSION

Because the record conclusively shows that Gonzalez is not entitled to relief, his motion is denied without an evidentiary hearing.

IT IS ORDERED:

1. The Defendant's motion under 28 U.S.C. § 2255 to vacate his conviction (Filing No. 34) is denied in its entirety; and

---

[1] According to the Bureau of Prisons' web site, his release date is November 14, 2010.

2. A separate Judgment will be filed.

DATED this 30th day of September, 2010.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge